# Irvine's Estate (No. 1).

*Evidence—Practice, O. C.—Act of June 25, 1895, P. L. 279.*

The Act of June 25, 1895, P. L. 279, relating to the taking of testimony of nonresident witnesses applies to proceedings in the orphans' court.

*Executors and administrators—Surcharge—Failure to sell real estate—Lack of title.*

An executor cannot be surcharged for failing to sell real estate which by the will he had been positively directed to sell, where it appears that although the testator at the time of his death had a paper title to the land in question, other parties have been in possession of the land under claim of ownership and title for thirty years, and that their possession and occupancy was of such a character as to give them a valid title under the laws of the state in which the land was situated.

Argued May 2, 1904.   Appeal, No. 295, Jan. T., 1903, by W. J. Knupp, administrator c. t. a. of Guy C. Irvine, deceased, from decree of O. C. Warren Co., June T., 1898, No. 9, on bill of review in estate of Guy C. Irvine, deceased.   Before MITCH-ELL, C. J., BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Petition for bill of review.

See 203 Pa. 602.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1, 2) in admitting certain testimony taken under the Act of June 25, 1895, P. L. 279; (3–9) various findings of fact and conclusions of law.

*W. W. Wilbur,* with him *J. W. Wiggins* and *W. J. Knupp,* for appellant.—The orphans' court has no jurisdiction except that conferred upon it by law, and we are unable to find any law enabling it to certify any proceedings to the common pleas court, except those specified by statute. . This act can only apply to courts of which the prothonotary is an officer. This proceeding was not certified to the common pleas, but to the prothonotary's office, and we fail to find any authority conferred upon the prothonotary to issue any process except by order of the court of common pleas.

If the executors had any cause for a review, they could present their petition in the court below therefor, and it was wholly unnecessary to ask leave of this court to file a petition for a review in the court below: Parker's Appeal, 61 Pa. 478; Young's Appeal, 99 Pa. 74.

A review as a matter of right will only be granted, first, for error of law apparent upon the face of the record; second, for new matter which has arisen since the decree; third, as a matter of grace, for the admission of proof discovered after decree, which could not have been discovered by reasonable diligence and used when the decree was made: Milligan's Appeal, 82 Pa. 389; Scott's Appeal, 112 Pa. 427; Finley's Estate, 196 Pa. 140; Thomas's Estate, 184 Pa. 640; Bickford's Estate, 16 Pa. Superior Ct. 572.

The petition for a review should be dismissed, for the reason that taking all the facts as true, as alleged therein, it set out no grounds to justify the court in granting a review of the item of surcharge in question.

*John G. Johnson,* with him *D. I. Ball, G. A. Berry* and *Samuel S. Mehard,* for appellees.—That the orphans' court is a civil court of record is a proposition which does not require argu-

ment.    If it is, then proceedings in the orphans' court are within the explicit provision of this act of assembly.

The action of this honorable court in granting leave to file the bill of review, was an adjudication that the averments of the bill showed ground for relief, if sustained by proof: Van Zile's Eq. Pl. & Pr. sec. 349.

Leave to file the bill of review was not asked as a matter of right but as a matter of grace; it was to be granted in the exercise of sound discretion; the circumstances justified the favorable action of the court: George's Appeal, 12 Pa. 260; Bishop's Appeal, 26 Pa. 470; Whealen's Appeal, 70 Pa. 410; Lindsay's Estate, 9 W. N. C. 463; Milne's Appeal, 99 Pa. 483; Johnson's Appeal, 114 Pa. 132.

OPINION BY MR. JUSTICE POTTER, May 23, 1904:

When this case was here before as reported in 203 Pa. 603, the executors were surcharged in the sum of $7,330, on account of depreciation of real estate in the town of Holland, New York.   The tract of land in question consisted of several hundred acres which the executors had been positively directed to sell.   But they never did sell it, and as the testimony then stood, there was no explanation for their failure in this respect.

Shortly after the decision was rendered and the order for the surcharge was made, the executors asked leave to file a petition in the nature of a bill of review in the orphans' court, in so far as concerned the item of surcharge for the depreciation of the said real estate.   The petition set forth that an investigation of the title of the said Guy C. Irvine to the said land had resulted in the discovery of substantial, reliable and sufficient evidence to show that Guy C. Irvine, the decedent, was not in his lifetime or at the time of his death, in possession of said land in the town of Holland, New York, or any part thereof, and that he was not the owner of any title thereto which had any marketable value.

If these averments of the petition were true, they constituted an ample explanation of the failure of the executors to make sale of the land.

It was averred also that the surviving executors were advanced in years, and that their coexecutor, Hon. Rasselas

Brown, who died some years since, had been for many years the legal adviser of the testator, and as such was familiar with the title of the testator to the said land in the town of Holland, and, as petitioners believe, had made report that the title was invalid.

Upon consideration of this petition, we were satisfied that the facts therein alleged, if true, were sufficient to relieve the executors from the imputation of negligence in failing to sell the land in question.

Our order granting leave to file the petition in the orphans' court in the nature of a bill of review, was not, however, intended as in any sense an adjudication of the rights of the petitioners in the matter, nor was it intended in any way to control the discretion of the orphans' court. That court did, however, and as we think, very properly, regard the petition as sufficient to justify a hearing, which was had, and evidence was submitted and the matters at issue were argued by counsel. Upon consideration thereof, the learned judge of the orphans' court found the following facts and legal conclusions:

"1. Guy C. Irvine at the time of his death owned what is termed a paper title to the land in question. He was not in possession of the land at that time and never had been.

"2. At the time Guy C. Irvine obtained his paper title, the land was in the actual possession and occupancy of other persons under claim of ownership and title, and had been so occupied and owned since 1838. That these persons' possession and occupancy was of such a character as to give them a valid title to the land under the statute relating to title by adverse possession of the State of New York, at the time of Guy C. Irvine's purchase at sheriff's sale.

"3. That the paper title of Guy C. Irvine was invalid as against the title which these persons had acquired by adverse possession."

In the first and second assignments of error the appellant here complains of the learned court below, for granting a rule for the taking of testimony under the Act of June 25, 1895, P. L. 279. It is alleged that this act of assembly does not apply to proceedings in the orphans' court. This objection is answered by the language of the act itself, which is in part

as follows : " That from and after the date of the passage of this act, the testimony of witnesses to be read in evidence upon the trial or hearing of any cause or matter pending or hereafter to be brought in any of the civil courts of record of this commonwealth, when such witnesses reside beyond the limits of said commonwealth, but within the United States, may be taken," etc. That the orphans' court is a civil court of record of this commonwealth cannot be questioned. These assignments are, therefore, dismissed.

We see no merit in any of the remaining specifications of error. The evidence is ample to support the findings of fact by the trial court, and to justify the conclusion that the testator's title was worthless at the time of his death. If the testimony which is now before us had been in the case at the former hearing, the surcharge as to this item would not have been made.

All the assignments of error are overruled and this appeal is dismissed at the cost of the appellant. The modification by the court below of the decree formerly entered, by deducting therefrom the item of $7,330, is approved, and the decree so modified is affirmed.